UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MICHELLE WEEDEN, ANNA                          :
NOZKOWSKI, and DONNA BRUNO,                     :
                                                :       **MEMORANDUM OPINION**
                    Plaintiffs,                 :       **AND ORDER**
                                                :
v.                                              :       12 CV 6671 (VB)
                                                :
SC CHOICE MANAGEMENT CORP., DOUG                :
NOLAN, individually and as owner and/or         :
manager of SC CHOICE MANAGEMENT                 :
CORP., and DARREN SCHWARTZ,                      :
individually and as owner and/or manager of     :
SC CHOICE MANAGEMENT CORP.,                      :
                                                :
                    Defendants.                 :
------------------------------------------------------------x

Briccetti, J.:

Plaintiffs Michelle Weeden, Anna Nozkowski, and Donna Bruno bring this action against

defendants SC Choice Management Corp., Doug Nolan, and Darren Schwartz, alleging

violations of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000e, et seq.,

and the New York State Human Rights Law, N.Y. Exec. Law § 290 et seq.

In a bench ruling issued June 9, 2016, the Court granted in part and denied in part

defendants' motion for summary judgment.  On June 10, 2016, the Court issued an Order

consistent with that ruling.  (Doc. #219).

Pending before the Court is defendants' motion for reconsideration of the portion of the

Court's June 9, 2016, ruling, in which the Court held plaintiffs had not waived their emotional

distress claims.  (Doc. #222).

For the reasons set forth below, the motion for reconsideration is DENIED.

The Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

1

**BACKGROUND**

Familiarity with the factual background of the case is presumed.

In their summary judgment briefing, defendants argued plaintiffs waived their emotional distress claims. Defendants relied on: (i) a January 27, 2014, minute entry on the public docket for this case which states, "[t]o the extent that Plaintiffs allege any physical injury, or medical or psychological treatment or therapy, any such claim is withdrawn for all Plaintiffs except Ms. Cooper;" and (ii) a September 10, 2014, stipulation of dismissal that relates to a former plaintiff, Brittany Cooper, which contains a "whereas" clause that provides, "WHEREAS, on January 27, 2014, Plaintiffs' counsel agreed to withdraw each of the Plaintiffs' Emotional Distress Claims, except for only those Emotional Distress Claims asserted on behalf of Plaintiff Cooper." (Doc. #122).

The Court ruled there was no withdrawal of the remaining plaintiffs' emotional distress claims because: (i) "a minute entry of proceedings is a brief summary of a conference or a hearing . . . not a formal or official court document . . . [and as such,] it does not carry the same weight as a transcript of proceedings;" (ii) "the minute entry on its face does not explicitly state that plaintiffs waived their emotional distress claims;" and (iii) "plaintiffs dispute that their emotional distress injuries were waived or dismissed." ((Declaration of Ralph Delouis, Doc. #224 ("Delouis Decl.") at Ex. A, p. 27).

The court held "because defendants have failed to proffer an explicit waiver of Nozkowski's, Weeden's or Bruno's emotional distress claims on the record and given plaintiffs' continued assertion of those claims now, the Court finds those claims are still asserted." (Id.). However, the Court stated it was "willing to re-visit its ruling in this regard" if defendants proffered "a transcript of the January 27, 2014 hearing before Judge Smith and [it was] clear from that transcript that the plaintiffs waived their emotional distress claims." (Id. at 27-28).

On June 17, 2016, defendants filed the instant motion for reconsideration of the Court's ruling with respect to plaintiffs' emotional distress claims, along with the January 27, 2014, transcript, and other materials they assert support their argument that those claims were waived.

**DISCUSSION**

I.       Legal Standard

"To prevail on a motion for reconsideration, the movant must demonstrate 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Catskill Dev., L.L.C. v. Park Place Entm't Corp., 154 F. Supp. 2d 696, 701 (S.D.N.Y. 2001) (quoting Doe v. N.Y.C. Dep't of Soc. Servs., 709 F.2d 782, 789 (2d Cir. 1983)).  Such a motion should be granted only when the Court has overlooked facts or precedent that might have altered the conclusion reached in the earlier decision.  Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); see SDNY Local Civil Rule 6.3.  The movant's burden is weighty to avoid "wasteful repetition of arguments already briefed, considered and decided."  Weissman v. Fruchtman, 124 F.R.D. 559, 560 (S.D.N.Y. 1989).

The motion must be "narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court."  Range Rd. Music, Inc., v. Music Sales Corp., 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).  Further, the motion "may not . . . advance new facts, issues, or arguments not previously presented to the Court."  Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md., 768 F. Supp. 115, 116 (S.D.N.Y. 1991).  This limitation ensures finality and "prevent[s] the practice of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters."  Carolco Pictures, Inc. v. Sirota, 700 F. Supp. 169, 170 (S.D.N.Y. 1988) (internal quotation omitted).

II.     Plaintiffs' Emotional Distress Claims

Defendants contend the transcript of the January 27, 2014, conference before Magistrate

Judge Smith, along with other contemporaneous documents they submit, show plaintiffs waived

their emotional distress claims.  However, none of the materials provided by defendants shows

an express waiver of those claims.  At best, the documents relied upon are ambiguous.   Given

that ambiguity, the Court declines to rule as a matter of law that plaintiffs intended to and did

waive their emotional distress claims.  See Sibersky v. Borah, Goldstein, Altschuler & Schwartz,

P.C., 2000 WL 1448635, at *4 (S.D.N.Y. Sept. 28, 2000) (Noting that "[g]iven the ambiguous

language of [a] release and the factual dispute between the parties as to their intent in drafting the

release, there [were] questions of fact as to whether the stipulation bar[red] recovery.").

A.      Conferences Before Magistrate Judge Smith and Related Minute Entry

The January 27, 2014, conference before Magistrate Judge Smith was held to address

discovery disputes between the parties, including in particular plaintiffs' alleged "failure to

provide medical contact information."  (See Declaration of J. David Aikman in Opposition to

defendants' motion for reconsideration, Ex. AA, Jan. 23, 2014 Letter to Judge Smith (originally

Doc. #44)).

At the conference, Judge Smith and the parties discussed this issue, and it is in this

context that the waiver of claims arose.  Specifically, Judge Smith stated, "With regard to the

medical contact information, what I'm hearing from Mr. Graubard is . . . the only person with

medical issues is Brittany Cooper."  (Delouis Decl. Ex. C, at p. 22).  Counsel for defendants

responded that plaintiffs' counsel told him "that Ms. Cooper was the only one; that they were

going to withdraw the other claims."  (Id.).   The parties and the Court went on to discuss waiver

4

of claims for "pain and suffering for physical injury," and "physical injury or medical treatment .

. . includ[ing] psychological treatment . . . or therapy." (Id. at p. 23).

The same day, Judge Smith issued a minute entry, which provided, in pertinent part: "To

the extent that Plaintiffs allege any physical injury, or medical or psychological treatment or

therapy, any such claim is withdrawn for all Plaintiffs except Ms. Cooper." (Jan. 27, 2014,

minute entry).

During a second conference before Judge Smith, on April 28, 2014, counsel for

defendants asked for clarification of what was done at the January 27 conference, and whether "a

more formal court order dismissing the emotional distress, physical injury, medical damages

kinds of claims" was necessary. (Delouis Decl. Ex. D at 20). Judge Smith responded that she

did not think anything more formal than the minute entry was required. (Id. at 21).

Defendants argue these transcripts of proceedings and minute entry establish that

plaintiffs waived their emotional distress claims.

The Court disagrees.

The statements made in the January 27 conference and minute entry relate uniquely to

claims for damages resulting from medical treatment or therapy. Neither the transcript nor the

minute entry refers to emotional distress claims either explicitly or implicitly; instead, both

merely refer to "treatment or therapy" for psychological injuries. However, "evidence of

medical attention is not required to establish damages for emotional distress." Zeno v. Pine

Plains Cent. Sch. Dist., 702 F.3d 655, 672 (2d Cir. 2012); see also Rentas v. Ruffin, 816 F.3d

214, 227 (2d Cir. 2016) ("The defendants argue that [plaintiff's intentional infliction of

emotional distress ("IIED")] claim fails because there was no medical evidence that he suffered

emotional injuries. Even assuming that medical evidence is required in order to prevail on an

IIED claim, there was sufficient evidence in the record to sustain the jury's verdict.") (internal citations and quotations omitted).

In other words, evidence of medical treatment may be used to support a claim of emotional distress, but it is not required.  Therefore, plaintiffs' withdrawal of their claim for medical treatment does not support defendants' argument that plaintiffs also withdrew their emotional distress claims.

At most, the statements made at the April 28, 2014, conference show defense counsel misunderstood the January 27, 2014, withdrawal of claims to have encompassed the claims for emotional distress.  While it is surprising plaintiffs' counsel did not object or seek clarification during the discussion on April 28, 2014, that is not conclusive evidence of waiver.

Accordingly, the January 27, 2014, and April 28, 2014, conferences and related minute entry do not definitively show waiver by plaintiffs of their emotional distress claims.

B.    Brittany Cooper Stipulation

Defendants also rely on a stipulation dated September 10, 2014, captioned "Stipulation and Order of Dismissal of Defendant Brittany Cooper's Claims for Emotional Distress and Psychological and Medical Damages."  (Delouis Decl. Ex. E).  Specifically, defendants rely on a "whereas" clause, which provides, "WHEREAS, on January 27, 2014, Plaintiffs' counsel agreed to withdraw each of the Plaintiffs' Emotional Distress Claims, except for only those Emotional Distress Claims asserted on behalf of Plaintiff Cooper."  (Id. at 2).

Although it is a close call, the Court disagrees with defendants that the "whereas" clause shows waiver of plaintiffs' emotional distress claims.

To be sure, the "whereas" clause provides some evidence the parties understood that the emotional distress claims were waived.  However, it is not itself a waiver of the emotional

distress claims – rather, it is a preamble to a binding stipulation, not a stipulation itself.[1]  When

taken in the context of the other evidence suggesting a different waiver – of medical treatment

and therapy – was in fact made, the stipulation is insufficient to show a waiver of the emotional

distress claims.

Moreover, if the parties had intended to waive the emotional distress claims, they could

have made it part of the binding portion of the stipulation, rather than part of the "whereas"

clause.   See Tromp v. City of New York, 465 F. App'x 50, 53 (2d Cir. 2012) (summary order)

(noting that a "whereas" clause "did not limit the scope" of a general release.  The Court held the

"whereas" clause there "simply evidenced the parties' intent to resolve the litigation at hand,"

and "[i]f the parties had desired to enter into a limited release . . . they could have expressly done

so, but they did not.").

In addition, the "whereas" clause explicitly refers to a waiver that supposedly took place

on January 27, 2014, presumably at the conference before Judge Smith that took place that day,

or in the minute entry of the same date.  As explained above, there was no waiver of the

emotional distress claims made at that conference or in the minute entry.  As a result, a waiver

cannot be read into the "whereas" clause of the stipulation either.

Accordingly, the September 10, 2014, stipulation does not show plaintiffs withdrew or

otherwise waived their emotional distress claims.

---

[1]      The binding portion of the stipulation follows the heading "Now, therefore, it is hereby stipulated and agreed that: . . ." (Delouis Decl. Ex. E at 2).  Under that heading, two clauses add to the ambiguity of the effect of the "whereas clause."  The paragraph numbered "1" provides, "[e]ach and every one of the above-recitals is incorporated herein by reference as if fully set forth at length."  (Id.).  But the paragraph numbered "3" provides, "[t]he Parties hereby preserve all other claims and defenses not expressly dismissed herein."  (Id. at p. 3) (emphasis added).  It is therefore ambiguous and non-dispositive whether the whereas clause in question should be "incorporated" as a waiver of those claims, or whether the claims are "preserve[d]" because they are not "expressly dismissed" in the binding portion of the stipulation.

C.      Motion to Strike the Amended Complaint and Bruno Deposition

Defendants also point to plaintiffs' February 28, 2014, Memorandum of Law in

Opposition to Motion to Strike the Amended Complaint (the "motion to strike brief"),[2] and to the

January 14, 2015, deposition of plaintiff Donna Bruno as evidence that plaintiffs waived their

emotional distress claims, and knew they had done so.

In the motion to strike brief, plaintiffs state that five of the six remaining plaintiffs at that

time "no longer allege[d] personal injury damages," and "waived their claims to any personal

injuries." (Doc. #72 at 9, 11, 17).  In addition, plaintiffs distinguish the instant case from a 2010

Southern District of Indiana case by stating that the plaintiff in that case "was pursuing a cause

of action for emotional distress." (Id. at 10).

However, in other places in that brief, plaintiffs refer to existing "claims for physical or

emotional damages." (Id. at 9).  Moreover, defendants' brief in support of the motion refers only

to withdrawal of "the medical claims for the Plaintiffs (except Ms. Cooper)." (Doc. #60 at 13).

This suggests even defendants understood the waiver to have related to claims for the cost of

medical treatment or therapy, not emotional distress, consistent with the January 27, 2014,

conference and minute entry.

Finally, defendants point to Donna Bruno's January 14, 2015, deposition as proof that

plaintiffs knew that their emotional distress claims had been waived. (Def. Br. at 5).  In

particular, Ms. Bruno responded in the affirmative when asked whether she had waived her

---

[2]      Defendants submitted this document after the motion for reconsideration was fully
briefed, stating (unpersuasively) that it was "inadvertently omitted" from their motion papers.
(Doc. #229).  Although not required to, the Court has considered it in reaching its ruling.
Because it does not alter the result, there is no prejudice to plaintiffs in the Court's doing so.

"claims to any emotional distress."  (Delouis Decl. Ex. B at 239).  Again, this is not dispositive, particularly as Ms. Bruno now says she did not intend to waive such claims.  (Doc. #209 at ¶ 12).

In sum, absent evidence of an explicit waiver, the motion to strike brief and Donna Bruno deposition testimony are not sufficient to show plaintiffs waived their emotional distress claims.

## CONCLUSION

The motion for reconsideration is DENIED.

The conference scheduled for July 18, 2016, at 2:15 p.m., will proceed as planned.  The parties shall be prepared to address defendants' request for additional discovery regarding plaintiffs' emotional distress claims.

The Clerk is instructed to terminate the motion.  (Doc. #222).

Dated: July 15, 2016
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge